*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona 85068-6945
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| JOHN MARTIN SCHOTTS; | ) | Case No. 0:21-BK-01283-PS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO APPROVE SALE
OF REAL PROPERTY**

The trustee moves this Court for the entry of an order authorizing the sale of residential real property commonly described as 707 Lynwood Dr., Minerva, OH. The trustee's motion is more fully set forth in and is supported by the following Memorandum Of Points and Authorities which is incorporated by reference herein.

DATED September 7, 2021.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake – 009656
P.O. Box 26945
Phoenix, Arizona 85068-6945

**MEMORANDUM OF POINTS AND AUTHORITIES**

At the time that this case was filed, the debtor owned residential real property generally described as 707 Lynwood Dr., Minerva, OH (the "property"). The trustee listed the property for sale and has received an offer of $110,300.00, plus a buyer's premium of

$2,000.00. A copy of the offer is attached. The proposed buyer is Inspiring Forest, LLC, whose principal is Scott A. Hiera. The trustee believes that this offer is a fair value for the property. The proposed buyer has no known relationship to the debtor or to the bankruptcy estate.

From the sale proceeds will be paid an amount acceptable to the first lien deed of trust of Amerisave Mortgage Corp., along with real property taxes, association dues (if any), title insurance and other ordinary and customary expenses of sale. Also to be paid is a realtor's commission of 6% to be divided between the realtors for the buyer and seller.

This is a short sale with a proposed carve out of approximately $5,515.00 to the bankruptcy estate. This sale is dependent on an agreement being reached with the first lien holder to accept a reduced payoff. One of the tasks of the trustee's realtors is to negotiate that agreed price. The trustee is informed and believes that this process is in process.

The trustee believes that the proposed sale is reasonable and in the best interest of the estate. Accordingly, the trustee requests the entry of an order approving a sale of the property as set forth herein or for the amount of the highest and best offer made at the hearing on the proposed sale.

The trustee provides the following additional information pursuant to Local Rule 6004-1:

1. Other than the debtor and the first lien holder, no other person or entity is known to have an interest in the property.

2. The sale is not free and clear of liens, claims or interests.

3. The purchase price is to be paid in full at the close of escrow.

4. The property may be viewed by contacting the trustee's counsel whose contact information appears on this motion.

5. The sale is subject to higher and better offers at the time of the hearing on the sale.

6. No compensation will be paid from the sale except for real estate commissions. The realtors are not insiders.

7. The trustee does not have an appraisal of the property.

8. There is an existing stay relief order at Admin. Dkt. No. 27. The trustee believes that the lender has agreed to forbear from proceeding with foreclosure in anticipation of a sale of the property.

**WHEREFORE**, the trustee prays for the entry of an order authorizing the sale of the property as set forth herein.

DATED September 7, 2021.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona 85068-6945

3

 

# KIKO
kikocompany.com
## REAL ESTATE PURCHASE AGREEMENT
(existing residential properties only)

1 The undersigned Buyer agrees to buy the following real estate known as PPN: 04201609
2 (address): 707 Lynnwood Dr                                         (city/zip): Minerva, 44657
3 Lot No. _____ of the _____ Allotment, Stark _____ County, Ohio
4 PURCHASE PRICE: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ~~107,200.00~~   $110,300.00   *SRH 09/01/21 3:49 PM EDT dotloop verified*
5 Deposit with this agreement (to be by check or wire transfer and shall be deposited
6 upon acceptance of this Agreement with listing broker and/or its assigns.) . . . . . . . $ 11,030.00
6 Balance of down payment due. . . . . . . . . *SRH 09/03/21 12:52 PM EDT dotloop verified* $99,270.00 . . . . . . $ ~~104,200~~ + $2,000 Buyer Premium
7 Amount to be financed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
8 Type of Loan: (check one)   ☐Conv. or Insur. Conv.    ☐VA    ☐FHA    ☐Other

9 **FINANCING**: Buyer agrees to use their best efforts to obtain the above loan, including complying with lender's requests.
10 Buyer shall make loan application within five (5) business days, and obtain a verifiable loan commitment within none
11 days after the date of this Agreement. If Buyer has failed to timely accomplish either of the above, this Agreement, at
12 Seller's written election shall be deemed null and void.  If financing cannot be arranged, this Agreement shall be null and
13 void and upon all parties signing a mutual release all monies shall be returned to Buyer.  Seller agrees to pay
14 Buyer $none_____ toward Buyer's expenses. (applied first toward fees that Buyer is precluded by FHA/VA to pay,
15 including but not limited to document preparation, underwriting, tax services, courier service, pest inspection and re-inspection
16 fees).  Any remaining amount shall then be applied toward Buyer's pre-paids permitted by lender, discount points, and closing
17 costs.  Seller agrees to pay the cost of any repairs required by FHA/VA, not to exceed $none_____.

18 **INSPECTION**: This Agreement shall be subject to the following inspection(s) by a qualified inspector of Buyer's choice
19 within _____ days from date of this Agreement.  Buyer assumes sole responsibility to select and retain a qualified
20 inspector for each requested inspection and releases Broker from any and all liability regarding the selection or retention of
21 the inspector(s).

22 **FOR BUYER'S PROTECTION, IT IS STRONGLY RECOMMENDED THAT THE BUYER HAVE THE PROPERTY**
23 **PROFESSIONALLY INSPECTED.  BUYER ELECTS TO PERFORM THE FOLLOWING INSPECTIONS:**

24 ☐GENERAL HOME INSPECTION: (check one)  ☐Buyer expense  ☐Seller expense  ☑Waived  *SRH 08/26/21 4:05 PM CDT dotloop verified*  (Buyers Initials)
25 ☐SEPTIC SYSTEM INSPECTION: (check one) ☐Buyer expense  ☐Seller expense  ☑Waived  *SRH 08/26/21 4:05 PM CDT dotloop verified*  (Buyers Initials)
26 ☐WELL WATER: bacteria and flow rate only  (check one) ☐Buyer expense  ☐Seller expense  ☑Waived  *SRH 08/26/21 4:05 PM CDT dotloop verified*  (Buyers Initials)
27 ☐RADON:                  (check one)  ☐Buyer expense  ☐Seller expense  ☑Waived  *SRH 08/26/21 4:05 PM CDT dotloop verified*  (Buyers Initials)
28   Note: An average reading of less than Four (4) picocuries of radon per liter shall be deemed acceptable.
29 ☐WOOD DESTROYING INSECT INSPECTION: (check one)☐Buyer expense  ☐Seller expense  ☑Waived *SRH 08/26/21 dotloop verified* (Buyers Initials)
30 An inspection of principal residence and garage shall be made by a professional inspector or licensed extermination agency.

31 ☐OTHER INSPECTION(S): _____
32 (check one)        ☐Buyer expense         ☐Seller expense

33 If any of the above inspectors performing the inspections recommend additional more detailed inspections or
34 additional inspections are required by the lender then the Buyer shall notify Seller in writing, within the inspection period
35 and have an additional 7 days.  All inspections are to be performed by **INSPECTOR(S) OF BUYER'S CHOICE**, regardless of
36 which party is paying for the inspection(s).  Buyer shall order the inspection(s).  Seller agrees to provide reasonable access to the
37 property for any and all inspections.

38  *SRH 08/26/21 4:05 PM CDT dotloop verified*                                              _____
39 Buyer Initials and Date                                                                    Seller Initials and Date

REV. 4/9/2019                                                                                Page 1 of 4

40 Property Address: 707 Lynnwood Dr, Minerva, OH 44657

41 This Agreement is contingent upon Buyer's good faith satisfaction with the inspection results. If Buyer is not satisfied with
42 such inspection(s), then Buyer shall notify Seller, in writing within the inspection period (see line 19). Buyer shall provide to
43 Seller a written list of required repairs and a copy of the inspection report(s) pertaining to the items requested for repairs.
44 If a resolution of the required repairs cannot be reached within five (5) days, then Buyer may void this agreement or accept
45 the property in its "as is" condition. If Buyer voids this agreement, parties shall promptly sign a mutual release and all deposit
46 money paid Broker shall be promptly returned to Buyer. If the property is accepted, subject to the Seller repairing specific
47 defects, Seller shall have completed all repairs five (5) days prior to closing. If Buyer does not inspect the property or does
48 not notify Seller within the inspection period then any contingency pursuant to this paragraph is removed and the Buyer shall
49 take the property in its present "as is" condition

50 **HOME WARRANTY POLICIES**: Buyer acknowledges that Home Warranty Insurance Policies are recommended, have
51 deductibles, do not cover **pre-existing** defects in the property, and have items excluded from coverage.
52. Broker may receive compensation for handling such policies.
53. Buyer elects Home Warranty: ☒No ☐Yes – Buyer's expense ☐Yes – Seller's expense not to exceed $_____
54 If yes, home warranty to be issued by: _____

55 **FIXTURES & EQUIPMENT**: This transaction shall include all buildings, landscaping, fixtures, attached equipment and the
56 following items located on and used in connection with the property free of liens and encumbrances: window and wall air
57 conditioning units; attached fireplace equipment and grate; bathroom fixtures; affixed mirrors and lights; ceiling fans; smoke
58 and carbon monoxide detector(s); all window coverings including rods and fixtures; blinds and awnings, humidifier; dehumidifier,
59 window and door screens; storm doors and windows; built-in furniture and appliances; garage door opener and controls; television
60 reception devices; mailbox; outbuilding(s); swimming pool and its equipment; garbage disposal; range; refrigerator; dishwasher;
61 microwave; security system; water softener; and: _____
62 _____

63. This sale does NOT include: _____

64 All Mineral interests, if any, including oil&gas, owned by seller to transfer to buyer, subject to existing leases of record ☒Yes ☐No

65 **DEED AND CLOSING**: Seller shall convey title by general warranty deed (or fiduciary deed, if appropriate) subject to zoning
66 ordinances and to the following that do not materially affect the value or present use of the property: all restrictions, easements,
67 conditions of record, and encroachments. If a survey is required to transfer of the property, it shall be at Seller's expense.
68 The entire transaction shall be closed On or before 21 days from BK Court Approval CLOSING SHALL BE THE DATE OF DEED
69 RECORDING; **NOT THE DATE OF DISBURSEMENT OF SELLER'S PROCEEDS**). SRH 09/03/21
70 Deed to be made to: Inspiring Forest, LLC
71 w/survivorship: ☒No ☐Yes (There are various ways to hold title to real estate, it is suggested that Buyer review with legal counsel.)

72 **POSSESSION**: SELLER shall deliver possession to BUYER ☒ on or before 5:00 p.m. on the date of closing **OR**
73 ☐ on the _____ day after the date of closing.
74 After the possession date the property may be occupied by the SELLER _____ days, at a rate of $_____ per day. Payment
75 for possession after date of closing is the sole responsibility of SELLER and BUYER.
76 All personal property and refuse shall be removed from the property at SELLER'S expense, before transfer of possession.

77 **EVIDENCE OF TITLE**: Seller, through Seller's choice title agency, shall provide to Buyer a title insurance commitment for an
78 Owner's/Mortgagee's Title Policy in the amount of the purchase price. Seller shall pay for the cost of the title search and the
79 parties shall share equally the cost of the evidence of title; including but not limited to title insurance premium, policy commitment,
80 and escrow fee (except, if VA loan, seller must pay entire escrow fee). Location survey, title policy endorsement(s), and
81 recording fees to be paid by Buyer; deed preparation and county conveyance fee to be paid by Seller.

82 **TAXES, UTILITIES, & NOTICES**: Seller shall pay all taxes and assessments prorated to date of closing utilizing the latest
83 available tax duplicate. If the tax duplicate fails to reflect the improved value of the property the Escrow Agent shall
84 **EITHER**; ☒ prorate all taxes and assessments utilizing the last available tax duplicate **OR** ☐ prorate based on 35 percent
85 of the selling price times the contract date milage rate and that proration shall be final.
86 Agricultural Tax Recoupment, if applicable, to be ☐ paid by the Seller at closing. ☐Assumed by Buyer. Seller represents they
87 have not received governmental notice of any taxes or assessments not yet certified.
88 Utilities shall be paid by Seller to the date Seller vacates the property or closing, whichever is later.
89 For any governmental utilities or other fees that attach to the property, Escrow Agent is instructed to check for
90 delinquent accounts. If applicable, the delinquencies are to be deducted from Seller's proceeds at closing.

91 SRH 08/26/21
92 Buyer Initials and Date       Seller Initials and Date

REV. 4/9/2019                                                                                  Page 2 of 4

93 Property Address: 707 Lynnwood Dr, Minerva, OH 44657

94 **DAMAGE OR DESTRUCTION.** Risk of loss to the property shall be borne by Seller until closing. If the property is
95 substantially damaged or destroyed prior to closing either party may rescind this Agreement.

96 **DEPOSIT:** In the event of a dispute over the terms of this Agreement or any monies held in trust by Broker, Broker shall hold
97 such monies until receipt of a release signed by all Buyers and Sellers, court order, or deposit of the monies with the appropriate
98 court or State of Ohio.

99 **TENANT OCCUPIED:** If tenant occupied, all security deposits are to be paid to Buyer and all collected rents prorated to date of
100 closing. Seller shall provide to Buyer at closing a current rent roll, assignment of all written leases and tenant estoppels.

101 **BINDING AGREEMENT:** This Agreement is a legally binding contract on Seller and Buyer and their heirs, executors,
102 administrators, successors, and assigns. It is recommended that all parties have this contract reviewed by legal counsel.
103 To be enforceable, this Agreement must be signed by **ALL** Buyers and Sellers with **ALL** changes, additions, and deletions
104 initialed by **ALL** Buyers and Sellers. The term "acceptance" shall mean the actual receipt of accepted offer by offerer
105 (i.e. not secretarial, e-mail, voice mail messages, etc.), or their agent, that the last offer or counteroffer has
106 been signed and initialed by **ALL** offerees without any changes. If Buyer and/or Seller are married, all spouses must sign and
107 initial this contract. Execution in Multiple Counterparts and/or Facsimile, scanned or digital copies of signatures constitute a valid
108 signing of this Agreement. This Agreement contains the entire agreement of the parties with respect to the matters herein, and
109 there are no other oral or written statements, representations or agreements which have not been incorporated herein. The
110 parties agree to act reasonably and in good faith to meet the time deadlines set forth herein.

111 **PERMISSIONS OR AUTHORIZATION:** This Agreement shall be made a part of or used as the escrow instructions and shall be
112 subject to escrow agents standard conditions of escrow acceptance not inconsistent herewith. Seller hereby authorizes Escrow
113 Agent to obtain written payoff statement from any lien holders. Seller and Buyer hereby direct Escrow Agent to provide both
114 listing and seller real estate brokers with a copy of closing disclosure statement prior to consummation.

115 **ADDITIONAL TERMS AND CONDITIONS:** Sale subject to Bankruptcy Court Approval. Buyer to pay $2,000 buyers premium at
116 closing. ~~Subject to Buyer's attorney to review all documents prior to closing~~. SRH 09/01/21 3:49 PM EDT dotloop verified
117
118

119 **ADDENDA:** The terms and conditions in the attached addenda ☐VA ☐FHA ☐FHA Home Inspection Notice ☐Condo
120 ☐Contingency/Concurrence Addendum ☐Arbitration Addendum ☐Other
121 are made a part of this agreement. **The terms and conditions of any addenda will supersede any conflicting terms in**
122 **the Purchase Agreement.** The Seller ☐has ☐has not completed the Ohio Residential Property Disclosure
123 Form and Buyers agree to hold all Brokers and agents harmless from any misrepresentations, misstatements or errors made by
124 the Seller in completing the Ohio Residential Property Disclosure Form.

125 **RELEASE:**
126 **Professional advice and Assistance:** The parties acknowledge and agree that the purchase of real property encompasses
127 many professional disciplines. **The Real Estate Broker(s), their Sales Person(s), and Agent(s) are not experts in all areas**
128 **involving a real estate purchase or sale including, but not limited to, legal matters, Medicaid, mechanics lien, tax law,**
129 **financing, surveying, inspections, structural conditions, hazardous materials, flood zones, underground mines,**
130 **insurance, mineral rights, and related leases, and environmental conditions. It is strongly recommended, and the**
131 **parties hereby acknowledge, that they have been advised to seek further professional assistance and advice in these**
132 **and other areas of professional expertise.** In the event that any names of professionals or companies are provided to the
133 parties as a source for such professional advice and assistance; those names are being provided as persons whom the Real
134 Estate Broker(s), their Sales Person(s), and Agent(s) are aware of who perform such professional services. The parties are
135 advised and encouraged to conduct their own independent research and investigations as to the qualifications and experience of
136 any professionals engaged.
137 The parties further acknowledge and agree that the Real Estate Broker(s), their Sales Person(s), Agent(s) do not warrant,
138 guarantee, or endorse the services and/or products of such professionals, companies and sources.

139 SRH 08/26/21 4:05 PM EDT
140 Buyers Initials and Date      Sellers Initials and Date

REV. 4/9/2019      Page 3 of 4

dotloop signature verification: dtlp.us/fDjB-VCKT-f9sH

141 Property Address: 707 Lynnwood Dr, Minerva, OH 44657

142 **OHIO'S FAIR HOUSING LAW & SEX OFFENDER REGISTRATION AND NOTIFICATION LAW:** It is illegal, pursuant to the
143 Ohio Fair Housing Law, Division (H) of Section 4112.02 of the revised code and the federal fair housing law, 42 U.S.C.A. 3601, as
144 amended to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations, refuse to negotiate for the
145 sale or rental of housing accommodations, or otherwise deny or make unavailable housing accommodations because of race,
146 color, religion, sex, family status as defined in section 4112.01 of the Revised Code, ancestry, military status as defined in that
147 section, disability as defined in that section, or national origin or to so discriminate in advertising the sale or rental of housing in
148 the financing of housing, or in the provision of real estate brokerage services. It is also illegal, for profit, to induce or attempt to
149 induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons
150 belong to one of the protected classes.

151 In Ohio, sex offenders are required to notify Sheriffs' offices when they move into the area. Information regarding said notification
152 is public record and is open to inspection under Ohio's Public Records Law. Therefore, Buyer can obtain said information by
153 contacting the local Sheriffs' office. Buyer is relying on his or her own inquiry with the local Sheriff's office as to registered sex
154 offenders in the area and is not relying on the Seller or any REALTOR® involved in the transaction.

155 Seller authorizes and directs escrow agent to pay below listed real estate brokers, all fees/commissions and costs as set forth in
156 Broker's Escrow Letter of Instructions: The deposit listed on line 5 above shall be by check or wire transfer to Listing Broker and
157 shall be paid or credited to Seller at the consummation of the sale. If paid by check, neither Broker makes any representation as
158 to the validity or collectability of any check received from Buyer nor is either Broker responsible for collecting that check. Listing
159 Broker is authorized to deducted all commissions from any deposits received from Buyer at the time of transfer of funds to Escrow
160 Agent.

161 **ARBITRATION:** In the event a dispute arises that is related in any way to this Purchase Agreement and/or the performance of
162 either Real Estate Broker or their agents or the performance of Seller or Buyer arising out of or in any way related to this
163 Purchase Agreement or any of the above-listed persons or entities acts or performance in connection with or related to the real
164 estate sale contemplated by this Purchase Agreement, the dispute shall be submitted to binding arbitration pursuant to the rules
165 of the American Arbitration Association. By agreeing to arbitration, all parties waive their rights to court or jury trial. All claims,
166 including cross claims and counterclaims must be brought in arbitration or are waived. It is understood that the arbitration will
167 be administered by AAA and will include the use of an arbitrator from its panel of arbitrators. The arbitrator shall have actual
168 experience with the sale of the type of property being sold pursuant to this contract. All issues of arbitrability shall be determined
169 solely by the arbitrator. All costs and/or fees to the arbitration shall initially be equally divided among all parties to the arbitration
170 and all parties to the arbitration shall be responsible for paying their own attorney's fees. The arbitrator shall have the discretion
171 to award arbitration costs and fees as part of any award. Except where prohibited by law, all incidental, consequential and
172 punitive damages of any type or nature are hereby waived by all parties, persons and entities subject to this arbitration
173 agreement. Any and all disputes, whether by arbitration or otherwise, shall be heard, venued and decided in Stark County, Ohio
174 unless otherwise agreed. If necessary to protect against any unnecessary hardships, the arbitrator shall have the discretion to
175 order a different locale for any arbitration hearing.

176 **DURATION OF ACCEPTANCE OF OFFER:** This offer open for acceptance until midnight of 08/30/2021  Sept. 7, 2021   SAH 09/01/21 3:49 PM EDT dotloop verified

177 **Buyer's Information**                                              **Seller's Information**

178 Buyer's Name Printed: Scott A. Hiera, Sole Member of Inspiring Forest, LLC   Seller's Name Printed: Lawrence F. Warfield

179 Buyer's Address: _____   Seller's Address: As Bankruptcy Trustee

180 Buyer's Tel: 773-859-3130   Buyer's email: inspiringforest@gmail.com   Seller's Tel: Case #21-01183   Seller's Email: _____

181 Scott A. Hiera, Sole Member  dotloop verified 08/26/21 4:05 PM CDT XUYX-ZAWM-AEON-KFIZ   [signature]  9/3/2021
182 Buyer Signature                  Date                                 Seller Signature                 Date

183
184 Buyer Signature                  Date                                 Seller Signature                 Date

185 **Agent's Information**

186 Selling Agent: Theresa Blocher                                        Listing Agent: Shane Reid
187 Tel/fax: _____                              Tel/fax: _____
188 Email: 330-495-3789, blcoher@kikocompany.com                          Email: shanereid97@gmail.com

189 Selling Broker: Richard Kiko Agency                                   Listing Broker: Century 21 HomeStar
190 Tel/fax: 330-453-9187                                                 Tel/fax: _____
191 Email: _____                                Email: _____

REV. 4/9/2019                                                                                                    Page 4 of 4

dotloop signature verification: dtlp.us/bOXs-Wb3T-BBFT



# Purchase & Sale of Real Property Contract Addendum

707 Lynnwood Dr, Minerva, OH 44657

## Property Address

1. Buyer acknowledges that this property is subject to Short Sale Lender or Servicer Approval as applicable and Bankruptcy Court Approval of the sale or transfer of the subject property.

2. The Bankruptcy Estate Fee is to be paid from the Sellers proceeds or as a buyer's premium and said Fee shall be made payable to the Bankruptcy Estate.

3. Buyer acknowledges that the property is sold "AS IS". Absolutely no repairs will be authorized. Seller is unable to remove any debris or personal property left on the Property nor warrants that any appliances or other personal property will be left on the Property or transferred as part of this transaction.

4. Seller shall make no concessions and can pay no closing costs to, for or on behalf of the buyer.

5. The parties agree that the **ESCROW AGENT** for this transaction is:

| | |
|---|---|
| **ESCROW AGENT** | Advantage Title Company |
| **ADDRESS** | 2037 Liberty Road |
| **CITY, STATE, ZIP** | Eldersburg, MD 21784 |
| **PHONE** | (866) 627-7899 |
| **EMAIL** | pmartin@advantitle.com |

The initial earnest money deposit in the amount of 1% of the purchase price is due to escrow agent within 48 hours of seller's acceptance of the contract. The second (2nd) earnest money deposit in the amount of 9% of the purchase price for cash transactions (total earnest money deposits equal 10% for cash transactions) or 4% of the purchase price for financed transactions (total earnest money deposits equal 5% for financed transactions) are due to escrow agent within 72 hours of the issuance of the short sale approval letter by the short sale lender or servicer. All earnest money deposits are to be deposited with escrow agent in the form of a cashier's check or bank wire.

dotloop signature verification: dtlp.us/bOXs-Wb3T-BBFT

6. The CLOSING AND TITLE AGENT for this transaction shall be:

**CLOSING AND TITLE AGENT**: Advantage Title Company
**ADDRESS**: 2037 Liberty Road
**CITY, STATE, ZIP**: Eldersburg, MD 21784
**PHONE**: (866) 627-7899
**EMAIL**: pmartin@advantitle.com

Closing and Title Agent duties shall include, but are not limited to: drafting estimated settlement statements upon execution of contract and as requested or required by the short sale lender or servicer in order to obtain the short sale approval(s) for the subject transaction (including all seller side fees and pro-rations), working with BK Global in regard to obtaining said short sale approval(s) and to clear any and all liens that may encumber the property or title to the subject property (if any), and coordinating the closing of this transaction with the real estate agents or brokers as applicable and the parties to the transaction including the Trustee for the selling Bankruptcy Estate.

7. The Seller in this transaction is exempt from providing the Homeowner's Association documents to Buyer as this is a court-ordered sale transaction. Buyer will be solely responsible for any application, transfer, capital contributions and initial membership fees charged by or due to any Association(s) or Management Company. Buyer is aware it may take up to 10 days to receive a response from the Federal Bankruptcy Trustee (Seller).

8. If the applicable Short Sale Approval(s) is/are not issued within 120 days after the Seller's contract acceptance date, Buyer may cancel the Residential Purchase Agreement without penalty. If a Short Sale Approval is granted, even after 120 days and if the Buyer has not canceled, then the Buyer may not cancel for this reason.

9. Buyer agrees to close this transaction within 45 days of issuance of the short sale approval and agrees to close pursuant to the terms included in the Order entered by the Bankruptcy Court approving the sale transaction and pursuant to the instructions of the Federal Bankruptcy Trustee.

10. Buyer shall be responsible for connecting any utilities necessary to perform inspections requested and any related costs as part of any due diligence period or inspection. Buyer shall use this period to satisfy themselves of all mechanical, structural and/or functional related concerns regarding the property. Buyer shall have the same amount of time to obtain, review, and satisfy themselves of any association rules, regulations, requirements and/or fees, if applicable. Seller will not pay any upfront expenses related to plowing the road for access to the property. Should the Buyer require the septic system be pumped and inspected, that shall be done at the buyer's expense. Buyer shall release the inspection contingency within ten (10) days of seller's acceptance of the Purchase and Sale Contract.

11. Any issues regarding permitting or open or expired permits will be the responsibility of the buyer and clearance or closure of the same will not be part of the contract and will not be a requirement of closing.

12. Buyer acknowledges that the seller may not have access to garage remotes, mailbox keys or access related keys to the property. Seller will tender any items available at the close of escrow but shall not be liable to provide items not in his/her possession.

13. Buyer shall immediately disclose if he/she is related to the debtor or seller. Buyer understands that most lenders and/or servicers or investors require an Arm's Length Disclosure to be signed by the parties as a condition of the short sale approval, and some lenders and/or servicers or i investors will not allow a family member or relative to purchase a property in which a debtor or seller related to the buyer has or may have interest.

14. Should buyer be representing self as an agent, buyer understands that some lenders and/or servicers or investors will not allow buyer(s) to receive any funds from the sale of the property, including commissions.

15. Offers in the name of a corporation, trust, LLC or partnership will need to show proof of all entity owners and shall provide a copy of the articles of organization (and operating agreement when applicable) which must provide for who is authorized to sign on behalf of the entity. Buyer understands and acknowledges that once Addendum is executed, the name of the buyer cannot be changed for title, closing or any other purpose due to the Short Sale Approval(s).

16. Seller will not pay for an Appraisal or Home Warranty.

17. Buyer understands and agrees that this addendum shall prevail and take precedence where any terms included herein conflict with the original Purchase Agreement.

DATED this 3RD day of September, 2021

**Trustee**

Signature

Case #21-01283
Schotte, John

Print Name

LAWRENCE J. WARFIELD

**Buyer**

Scott A. Hiera, Sole Member  *dotloop verified 09/03/21 12:52 PM EDT YSRW-PQXF-VXVD-TGEY*

Signature

Print Name

**Buyer**

_____

Signature

Print Name